

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **RANDY PHILLIPS**, on behalf of all others similarly situated, } } } | |
| Plaintiff, } } | |
| v. } } | Case No.: 1:21-cv-00539-ACA |
| **CHURCHILL CAPITAL CORPORATION IV, et al.,** } } } | |
| Defendants. } | |

---

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **GREGORY J. SLABAUGH,** } } | |
| Plaintiff, } } | |
| v. } } | Case No.: 1:21-cv-01243-ACA |
| **CHURCHILL CAPITAL CORPORATION IV, et al.,** } } } | |
| Defendants. } } | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **AREC D. SIMERI,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | } Case No.: 1:21-cv-01355-ACA |
| | } |
| **CHURCHILL CAPITAL** | } |
| **CORPORATION IV, et al.,** | } |
| | } |
| **Defendants.** | } |
| | } |

## ORDER

The cases in the above-consolidated action assert nearly identical claims against the same five defendants under Sections 10(b) and 20(a) of the Securities and Exchange Act ("Exchange Act") and Rule 10-b5 promulgated under the Exchange Act.

*Phillips v. Churchill Capital Corporation IV, et al.*, Case No. 1:21-cv-00539 ("*Phillips* action"), is a putative class action subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *Slabaugh v. Churchill Capital Corporation IV, et al.*, Case No. 1:21-cv-01243 ("*Slabaugh* action"), and *Simeri v.*

*Churchill Capital Corporation IV, et al.*, Case No. 1:21-cv-01355 ("*Simeri* action"), are direct actions, involving the claims of individual plaintiffs only.

Currently before the court is a motion to transfer this case to the Northern District of California, pursuant to 28 U.S.C. § 1404(a), filed by Paradigm Business Park and Sichao Xu, Lead Plaintiffs ("Plaintiffs") in the *Phillips* action. (Doc. 66[1]).

The individual plaintiffs in the *Slabaugh* action and *Simeri* action do not oppose transfer. (*See* doc. 73 at 7; doc. 73-1; doc. 73-2 at ¶ 3). Defendants oppose transfer. (Doc. 72).

Exercising its broad discretion, and for the reasons explained below, the court finds that this consolidated action satisfies the requirements for transfer under § 1404(a). Accordingly, the court **GRANTS** Plaintiffs' motion to transfer.

**I.   BACKGROUND**

In April 2021, Randy Phillips filed a putative securities class action against Defendants Churchill Capital Corporation IV ("CCIV")[2], Atevia, Inc. d/b/a Lucid Motors ("Lucid"), Michael Klein, Jay Faragin, and Peter Rawlinson in this court, and the case was assigned to the undersigned. (Doc. 1). The *Phillips* action asserts

---

[1] Unless otherwise indicated, all record citations are to documents in the *Phillips* action, Case No. 1:21-cv-00539.

[2] On September 7, 2021, Defendant, formerly known as Churchill Capital Corporation IV, filed a notice informing the court and parties that its name has changed to Lucid Group, Inc. (Doc. 44). For sake of clarity, because the operative complaint in the *Phillips* action refers to Lucid Group, Inc. by its former name, the court will do so as well for purposes of this order.

securities fraud claims relating to the merger between CCIV and Lucid. (*See generally id.*). Specifically, the *Phillips* complaint alleges that in the months before the CCIV and Lucid merger, the Defendants made false and misleading statements about Lucid's plans to produce a certain number of electric cars in order to artificially inflate CCIV's stock price, causing damage to Mr. Phillips and the other putative class members who purchased CCIV securities in anticipation of the merger. (Doc. 1 at ¶¶ 1, 13, 33–34).

After Mr. Phillips filed his case, two individual CCIV investors filed the *Slabaugh* and *Simeri* actions in other districts, asserting the same claims against the same defendants based on the same conduct as the *Phillips* case. (Doc. 1 in Case No. 1:21-cv-1243; Doc. 1 in Case No. 1:21-cv-1355). The district courts originally presiding over both the *Slabaugh* and *Simeri* actions transferred the cases to this court (doc. 37 in Case No. 1:21-cv-1243; doc. 37 in Case No. 1:21-cv-1355), and the undersigned granted the parties' joint motion to consolidate those cases with the *Phillips* action (doc. 75).

Before consolidation, the court had appointed Lead Plaintiffs in the *Phillips* action pursuant to the requirements of the PSLRA (doc. 61), and those Plaintiffs now move the court to transfer the consolidated action to the Northern District of California (doc. 66).

4

## II.    DISCUSSION

Plaintiffs move for transfer of this action pursuant to 28 U.S.C. § 1404(a). (Doc. 66 at 2). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) thus mandates a two-part analysis. *Id.* First, the court must determine whether venue would be proper in the proposed transferee district. *Id.*; *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Second, the court must decide whether the court should transfer the action for the convenience of the parties and witnesses and whether transfer serves the "interest of justice." 28 U.S.C. § 1404(a). It is undisputed that venue is proper in the Northern District of California. (Doc. 66 at 7; Doc. 72 at 15, n.9).

The court is left only to examine whether transfer is appropriate for the convenience of the parties and witnesses and whether transfer is in the interest of justice. To make that determination the court considers the following nine factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Factors one, two, three, four, eight, and nine favor transfer. Lucid's headquarters and principal place of business are in the Northern District of California, along with all of its executives and employees. (Doc. 66 at 3–5). CCIV now does business as Lucid, Inc., and it likewise is headquartered in the Northern District of California. (Doc. 44 at 1). Mr. Xu and Mr. Rawlinson live in the Northern District of California. (Doc. 66 at 4–5).

Although Plaintiffs have not specifically identified any key witnesses, other than some of the parties, who reside in California, there is no indication that any witness is located in Alabama. And no party, other than some unidentified number of unnamed class members in the *Phillips* action, have any connection to Alabama. Under the circumstances, transfer to a forum where both corporate defendants currently are headquartered and where two individual parties reside is far more convenient than litigating in this forum.

Transfer also places the litigation closer to relevant documents, easing access to sources of proof. Although documents may be available electronically, and although some documents may be located in New York (where CCIV's executive offices previously were located and where Mr. Klein and Mr. Taragin are based), the fact that four named parties are based in California demonstrates that a large portion of the relevant documents are located there as well. Moreover, the parties have identified no relevant documents that are located in Alabama.

In addition, transfer will allow this action to proceed in a forum with a much closer connection to the locus of operative facts. Some of the conduct at issue may have occurred in New York, where Mr. Klein and Mr. Taragin are located. (*See* doc. 1 at ¶¶ 6, 8, 10, 12). However, other certain core events, including Mr. Rawlinson's alleged misrepresentations and decisions by Lucid executives about what information to publicly share about the pending merger and the new company's plans for growth in the electric car market took place in California. (*See id.* at ¶¶ 7, 10, 12, 23–25, 27–28). None of the alleged misconduct took place in Alabama, and although it is plausible that some Alabama-based class members in the *Phillips* action may have read or heard the alleged misrepresentations (*see id.* at ¶¶ 4–5), this fact does not undermine the strong connection that California has to the events underlying the claims in this action.

Here, it is Plaintiffs who desire transfer, and their choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). The court recognizes that Mr. Phillips initially chose this forum. But given the appointment of different Lead Plaintiffs who will steer the *Phillips* action, the court defers to their choice of forum under the very specific circumstances of this case. The court rejects the Defendants' position that Plaintiffs are blatantly forum shopping by waiting until after the appointment as Lead Plaintiffs to seek transfer. (Doc. 72 at 14–15). The

Defendants have not cited, and the court has not located, authority standing for the proposition that a Lead Plaintiff in a securities class action must file a § 1404 transfer motion—if it desires—simultaneously with a motion for appointment as Lead Plaintiff.

The court also is not persuaded by Defendants' argument that Plaintiffs are required to show some "compelling circumstances" to warrant transfer. (*See* Doc. 72 at 16–17). Defendants rely on *Manuel* to support their position. (*Id.*). But *Manuel* involved multiple competing federal actions pending in different district courts and the burden placed on the party objecting to jurisdiction in the first-filed district. *Manuel*, 430 F.3d at 1132–1138. Here, there are not multiple actions pending in a number of districts. Three similar federal cases are all pending in this district in a consolidated action, and Plaintiffs seek transfer of that one consolidated action to a more convenient forum. Therefore, *Manuel* is inapposite.

Finally, based on the totality of the circumstances and the specific facts of this litigation, transfer promotes trial efficiency and the interests of justice. As already mentioned, four named parties are located in the Northern District of California which places this action near those witnesses and some portion of relevant documents. Moreover, judicial economy is not served by litigating in this forum which has no meaningful connection to the underlying facts forming the basis of the claims.

## III. CONCLUSION

For the reasons outlined above, the court **GRANTS** Plaintiffs' motion for transfer. (Doc. 66). The court **DIRECTS** the Clerk to **TRANSFER** this consolidated action to the United States District Court for the Northern District of California.

**DONE** and **ORDERED** this December 1, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE